UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LENI THOMOLLARI, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>AMERICOLLECT, INC., and THE ORTHOPEDIC INSTITUTE OF WISCONSIN,<br><br>        Defendants. | Case No.: 17-cv-1178<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. ("WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Leni Thomollari is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a medical bill.

5. Defendant Americollect, Inc. ("Americollect") is a corporation with its principal place of business located at 1851 S. Alverno Rd., Manitowoc, WI 54220.

6. Americollect is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Americollect is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Americollect is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

8. Defendant Orthopedic Institute of Wisconsin ("OIW") "was organized in 1985 to practice pioneering techniques of diagnosis and treatment of orthopedic injuries. The Institute offers a multi-specialty continuum of diagnosis, treatment, rehabilitation, education, prevention and follow-up." http://www.theorthoinstitute.com/orthopedic-services/default.aspx. OIW has locations "throughout the greater Milwaukee area and Southeastern Wisconsin including Brookfield, Franklin, Milwaukee, North Shore and Wauwatosa." http://www.theorthoinstitute.com/default.aspx

9. OIW conducts significant business in the State of Wisconsin.

10. OIW provides diverse medical services to individuals. OIW is a "merchant," as that term is defined in Wis. Stat. § 421.301(25).

11. OIW, both directly and indirectly, actively collects debts that are allegedly owed to OIW. OIW regularly mails bills and letters seeking payment to consumers, and also hires debt collectors such as Americollect to collect debts on OIW's behalf.

12. OIW is a debt collector as that term is defined in Wis. Stat. § 427.103.

## FACTS

13. On or about January 13, 2017, Americollect mailed a debt collection letter to Plaintiff regarding an alleged debt owed to OIW. A copy of this letter is attached to this complaint as Exhibit A.

2

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Upon information and belief, Exhibit A is a form debt collection letter used by Americollect to attempt to collect alleged debts.

16. The alleged debt listed in Exhibit A was incurred for medical services provided to Plaintiff's husband, Nesti Thomollari.

17. With respect to the medical debt listed in Exhibit A, Plaintiff's husband was not required to pay for the medical services at the time services were rendered. Instead, OIW mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'"). Copies of such bills are attached as Exhibits B-E.

18. Exhibit A falsely represents that Plaintiff Leni Thomollari is responsible for the alleged debt referenced in Exhibit A, when the liability of Plaintiff Leni Thomollari had not been established as of the date of Exhibit A.

19. Wisconsin's common law doctrine of necessaries imposes on a spouse a personal liability to creditors who provided necessaries for the support of the family. *St. Marys Hosp. Med. Ctr. v. Brody*, 186 Wis. 2d 100, 108 (Ct. App. 1994). Additionally, Wis. Stat. § 765.001(2), part of Wisconsin's marital property law, has modified Wisconsin's doctrine of necessaries, so that it now imposes personal liability on each spouse for the other's necessaries. *Id.* at 109. Wis. Stat. § 766.55 addresses spouses' obligations, and the Wisconsin courts have held that a spouse's obligation for the other spouse's necessary medical treatment, according to one's ability, falls into

the support category, Wis. Stat. § 766.55(2)(a), as an "obligation to satisfy a duty of support owed to the other spouse." *St. Mary's Hosp.*, 186 Wis. 2d at 109-10.

20. "The significance of the holding in *St. Marys Hospital*, 186 Wis. 2d 100, 519 N.W.2d 706 (Ct. App. 1994), is that the healthcare provider may then satisfy a judgment against the spouse who did not receive medical care from all marital property and all other property of the obligated spouse." *Mercy Health Sys. Corp. v. Gauss*, No. 01-2421, 2001 Wisc. App. LEXIS 1309, at *9 n. 4 (Wi. Ct. App. Dec. 20, 2001).

21. The alleged debt listed in Exhibits A-E had not been reduced to judgment as of the date of Exhibit A.

22. The creditor, OIW, listed in Exhibits A-E, had not sued Plaintiff to establish Plaintiff's liability on the alleged debt listed in Exhibits A-E as of the date of Exhibit A.

23. Americollect had not sued Plaintiff to establish Plaintiff's liability on the alleged debt listed in Exhibits A-E as of the date of Exhibit A.

24. Plaintiff has never contractually agreed to pay any amount, on any alleged debt owed to the creditor listed on Exhibits A-E.

25. OIW was aware that Plaintiff did not sign a contract agreeing to be billed for the debt referenced in Exhibits A-E.

26. OIW addressed Exhibits B-E to Plaintiff's husband only.

27. Nonetheless, OIW provided Plaintiff's name to Americollect in connection with collection of the debt referenced in Exhibits A-E. OIW is partially but directly responsible for Americollect's dunning of Plaintiff.

28. Plaintiff incurred actual damages due to Defendants' conduct, including but not limited to the following: Plaintiff was upset by Exhibit A and took time off work to visit an attorney.

4

29. OIW's and Americollect's misrepresentations are likely to cause emotional distress to the average customer. *See* Wis. Stat. § 427.105(1) ("actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter"); *see also Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010). (In WCA actions relating to debt collection, Wisconsin courts employ the FDCPA's objective "unsophisticated consumer" standard).

30. Further, Americollect and/or OIW may report the alleged debt as a negative item against Plaintiff with consumer reporting agencies ("CRAs", aka credit bureaus).

31. Negative information, including the existence of a collection account, stays on a person's "credit report" with the CRAs for seven years. It would be false to report to the CRAs that Plaintiff is delinquent on a debt when no legal action has been initiated against Plaintiff and, therefore, neither Americollect nor OIW had any legal basis to hold Plaintiff and the Class Members legally responsible on the date Exhibit A was mailed to Plaintiff and the Class.

32. Upon information and belief, Americollect has no reasonable procedures to prevent the pre-judgment dunning of spouses.

33. Upon information and belief, OIW has no reasonable procedures to prevent the pre-judgment dunning of spouses.

34. The sole purpose of sending Exhibit A to Plaintiff is to unduly harass Plaintiff into paying the alleged debt, potentially before paying other debts. *See* 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged").

5

35. The unsophisticated consumer would be pressured into paying a debt for which his or her liability has not been established, potentially out of personal assets that he or she would never be legally required to draw on to satisfy a duty of support owed to the other spouse, and even if the creditor has no intention of ever suing to collect the debt.

36. Plaintiff was confused by Exhibit A.

37. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

38. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

39. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems

6

important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

40. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

41. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

43. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

44. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

45. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

46. 15 U.S.C. § 1692f(1) specifically prohibits: "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

47. Wis. Stat. § 427.104(1)(h) specifically prohibits a debt collector from: "Engage[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

48. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

## CLASS ALLEGATIONS

49. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom defendant Americollect sent a collection letter on behalf of OIW, (c) seeking to collect a debt incurred for medical services (d) which debt had not been reduced to judgment on the date that Americollect mailed the letter (e) and which letter was addressed to the spouse of the recipient of the medical services, either individually or jointly to both spouses, (f) and which non-incurring spouse did not sign a contract agreeing to be billed for the medical debt (e) between August 2, 2016 and August 2, 2017, inclusive, (f) that was not returned by the postal service.

50. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

51. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and WCA.

52. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

53. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## COUNT I -- FDCPA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Count I is brought against Defendant Americollect.

57. Americollect attempted to collect a debt from Plaintiff, who is the spouse of the recipient of the medical services listed in Exhibits A-E, and whose liability had not been established as of the date of Exhibit A.

58. At the time Americollect mailed Exhibit A to Plaintiff and the Class, addressing the dunning letter to the non-incurring spouse was a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

59. Exhibit A also falsely represents that Defendant has lawfully established its entitlement to collect the debt from Plaintiff and the Class.

60. Exhibit A creates a false impression as to its authorization or approval for collecting the debt listed in Exhibit A from Plaintiff and the Class.

61. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1) and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

## COUNT II – WCA

62. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. Count II is brought against both Defendants.

64. OIW engaged Americollect to collect a medical debt from a spouse.

65. OIW knew that Plaintiff had not personally incurred the alleged debt listed on Exhibit A at the time OIW engaged Americollect to collect the debt referenced in Exhibit A.

66. OIW knew that Plaintiff had not been sued to establish Plaintiff's liability on the alleged debt listed on Exhibit A at the time OIW engaged Americollect to collect the debt referenced in Exhibit A.

67. As OIW is a debt collector under Wisconsin law, OIW is responsible for WCA violations in Americollect's letter and for OIW's own conduct.

68. Exhibit A claims, attempts, or threaten to enforce a right to payment by Plaintiff, even though each Defendants knew, or had reason to know, that no such right existed at the time the letter was sent.

69. Defendants violated Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(j).

## JURY DEMAND

70. Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)   actual damages;

(b)   statutory damages;

(c)   attorneys' fees, litigation expenses and costs of suit; and

(d)   such other or further relief as the Court deems proper.

Dated: August 29, 2017

**ADEMI & O'REILLY, LLP**

By:   /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com